UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRIA KLINE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 2:16-cv-02426 MCE CKD

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be denied and the Commissioner's cross-motion for summary judgment be granted.

BACKGROUND

Plaintiff, born March 1, 1961, applied on February 15, 2013 for SSI, alleging disability beginning November 30, 2011.[1] Administrative Transcript ("AT") 91, 93, 195, 197. Plaintiff

---

[1] Plaintiff asserts that the ALJ's decision is premised on an incorrect disability onset date, as her disabling conditions were caused by a fall from a truck bed in October 2012, a fall from a roof in January 2013, and a fall in which she injured her right knee in December 2013. (ECF No. 20 at 1.) Plaintiff asserts that the correct onset date "is and has always been February 15, 2013." Id. at

alleged she was unable to work due to neck and back pain, numbness in both legs, and a broken finger. AT 93. In a decision dated May 14, 2015, the ALJ determined that plaintiff was not disabled.[2] AT 19-29. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since November 30, 2011, the alleged onset date.

---

2. Plaintiff asserts that she asked her former attorney to correct the onset date during the agency proceedings, but he did not. (ECF No. 25 at 1-2.) However, as plaintiff did not amend her onset date at any stage of the administrative proceedings, her claim of an incorrect onset date is not before the court.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

      3. The claimant has the following severe impairments: degenerative sic disease of the cervical and lumbar spine and fibromyalgia.

      4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

      5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except she can only occasionally stoop, crouch, crawl, and kneel and cannot climb ladders, ropes or scaffolds. Finally, she can perform overhead reaching with both arms rarely, or approximately once per hour.

      6. The claimant is unable to perform any past relevant work.

      7. The claimant was born on March 1, 1961, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

      8. The claimant has at least a high-school education and is able to communicate in English.

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

      11. The claimant has not been under a disability from November 30, 2011, through the date of this decision.

AT 21-28.

ISSUES PRESENTED

In addition to challenging the onset date as discussed in Footnote 1, plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in finding plaintiff not credible; and (2) the ALJ erred in weighing the medical evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial

evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Credibility

Plaintiff asserts that she was "very credible and has told the truth," but that "many factors contained in files are incorrect, taken out of context and/or misconstrued." (ECF No. 20 at 6.)

In assessing residual functional capacity (RFC), the ALJ found plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms "not entirely credible." AT 23. First, the ALJ stated, "[t]he medical record does not support any treatment sought or received by the claimant for her back and neck pain from 2011 through 2013, undermining the credibility of her allegations that she suffered disabling pain beginning in November 2011." AT 23. In February 2013, "[h]er musculoskeletal examination was entirely normal, with full range of motion in the back and extremities and no tenderness or muscle spasms." AT 23; see AT 272.

Medical records from 2014 demonstrated that plaintiff's treatment was "generally routine and conservative," the ALJ found. AT 23. Reviewing medical records through 2015, the ALJ concluded that "the mild signs and findings and limited treatment, combined with the admitted effectiveness of treatment in the claimant's more recent medical records, do not support her extreme allegations." AT 24.

"Further, the claimant's description of her activity levels varied throughout the record and generally demonstrated that she retained significant capabilities, undermining the credibility of her allegations," the ALJ wrote. AT 25. At her July 2013 consultative examination, plaintiff indicated that she could "climb stairs, could walk for 40 minutes, could cook and vacuum, could lift and carry about 20 pounds, and did some laundry and dishes." AT 25; see AT 281. The ALJ found this report and other evidence of daily activities inconsistent with plaintiff's claimed limits in functional capacity. AT 25.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and

effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ provided specific reasons for discounting plaintiff's subjective complaints, supported by substantial evidence. See Carmickle v. Comm'r Soc. Sec. Admin., 553 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The undersigned concludes that the ALJ supplied legally sufficient reasons to make an adverse credibility finding.

B. Medical Evidence

Plaintiff next argues that the RFC determination is not supported by substantial evidence. She particularly takes issue with the ALJ's assignment of little weight to the opinion of Dr. Alexander Chen, her treating physician. However, much of plaintiff's argument amounts to a different interpretation of the medical evidence than the ALJ's. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation.").

The ALJ discounted Dr. Chen's February 2015 assessment of plaintiff's ability to do work-related activities, as he "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and indicated that almost all of the limitations he assessed were 'based on self-report.'" AT 26; see AT 401-405. (As discussed above, the ALJ did not find plaintiff's self-reports entirely credible.) The ALJ also noted that the "extreme limitations" assessed by Dr. Chen were inconsistent with his own observations, as he

noted that plaintiff did not appear to be in pain, and he did not recommend any invasive treatments. AT 26; see AT 394-395. The ALJ also noted that, prior to filling out the opinion checklist form, Dr. Chen had only seen plaintiff four times. AT 26.

In contrast, the ALJ credited the opinions of consultative examiner Dr. Chiong and agency medical consultants Dr. Hopkins and Dr. DeSouza, all of whom assessed plaintiff's residual functional capacity to be somewhat limited, but not as limited as Dr. Chen had found. AT 25-26. The ALJ also factored in "additional evidence, including testimony at the hearing, [that] demonstrates that the claimant's condition worsened and she is limited to light work" with certain physical limitations as set forth in the RFC. AT 25-26.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining

professional.  Lester, 81 F.3d at 831.

Here, the ALJ properly discounted Dr. Chen's assessment of plaintiff's work-related limitations because these findings were based on plaintiff's subjective complaints.  See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible).  The medical opinions of Dr. Chiong, Dr. Hopkins and Dr. DeSouza, along with plaintiff's hearing testimony, constituted substantial evidence in support of the ALJ's finding that plaintiff could perform light work with certain limitations.

Based on the foregoing, the undersigned concludes that the ALJ did not err in determining RFC.

CONCLUSION

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) be denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21) be granted; and

3. Judgment be entered for the Commissioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 7, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kline2426.ssi.ckd_fr